THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIPE FITTERS' RETIREMENT FUND, LOCAL 597; PIPE FITTERS' WELFARE FUND, LOCAL 597; PIPE FITTERS' TRAINING FUND, LOCAL 597; PIPE FITTERS' INDIVIDUAL ACCOUNT & 401(K) PLAN, LOCAL 597; CHICAGO AREA MECHANICAL CONTRACTING INDUSTRY IMPROVEMENT TRUST; PIPE FITTING COUNCIL OF GREATER CHICAGO; and PIPE FITTERS' ASSOCIATION, LOCAL UNION 597, U.A., <br><br> Plaintiffs, <br><br> vs. <br><br> DIVERSIFIED GENERAL CONTRACTORS INC., an Illinois Corporation, and MELVIN ARMSTRONG, an individual, <br><br> Defendants. | CASE NO.: 21-cv-942 <br><br> JUDGE: <br><br> MAG. JUDGE: |

**COMPLAINT**

NOW COME the Plaintiffs, the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, *et al.*, by and through their attorneys, JOHNSON & KROL LLC, complaining of the Defendants DIVERSIFIED GENERAL CONTRACTORS, INC. ("DIVERSIFIED") and MELVIN ARMSTRONG ("ARMSTRONG"), and allege as follows:

**JURISDICTION AND VENUE**

1. Count I of this action arises under Sections 502 and 515 of Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of Count I pursuant to 29 U.S.C. § 1132(e)(1) and 28

U.S.C. § 1331.

2. Count II of this action alleges a breach of the Installment Payment Agreement ("Installment Agreement") between the Plaintiffs and the Defendants. The Court has supplemental jurisdiction over the subject matter of Count II of this action pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, the PIPE FITTERS' WELFARE FUND, LOCAL 597, the PIPE FITTERS' INDIVIDUAL ACCOUNT & 401(K) PLAN, LOCAL 597 and the PIPE FITTERS' TRAINING FUND, LOCAL 597 (collectively "TRUST FUNDS"), are administered at 45 North Ogden Avenue, Chicago, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

4. The TRUST FUNDS receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the PIPE FITTERS' ASSOCIATION, LOCAL UNION 597, U.A., ("UNION"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

5. The CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST ("INDUSTRY FUND") is an industry improvement fund administered in Burr Ridge, Illinois.

6. The PIPE FITTING COUNCIL OF GREATER CHICAGO ("PFCGC") is a labor management cooperation committee that is administered in Chicago, Illinois.

7. The UNION is the bargaining representative of Defendant DIVERSIFIED GENERAL CONTRACTORS INC. ("DIVERSIFIED")'s bargaining unit employees.

8. The Defendant DIVERSIFIED is an Illinois Corporation with its principal place of business located in Lansing, Illinois.

9. The Defendant MELVIN ARMSTRONG ("ARMSTONG") is the President of DIVERSIFIED.

### FACTS COMMON TO ALL COUNTS

10. Defendant DIVERSIFIED is an employer engaged in an industry affecting commerce that entered into a Subscription Agreement whereby it agreed to be bound by the provisions of the Area Agreement negotiated between the UNION and the Mechanical Contractors Association for all times relevant to this action. (A copy of the Subscription Agreement is attached as **Exhibit 1**); (A copy of the Area Agreement in effect from June 1, 2015 to May 31, 2019 is attached as **Exhibit 2**); (A copy of the Area Agreement in effect from June 1, 2019 through present is attached as **Exhibit 3**).

11. Through the agreements referred to in Paragraph 10, DIVERSIFIED also became bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements"). (**Exhibit 2**); (**Exhibit 3**).

12. Pursuant to the provisions of the Area Agreement and the Trust Agreements, DIVERSIFIED is required to make monthly reports of hours worked by pipefitter employees and pay contributions to the TRUST FUNDS, the INDUSTRY FUND and the PFCGC for each hour worked pursuant to the Area Agreement at the negotiated rate. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**); (**Exhibit 3**).

13. Pursuant to Section 502(g)(2) of ERISA and the provisions of the Area Agreement and

Trust Agreements, employers who fail to remit their monthly Contribution Reports and contributions to the TRUST FUNDS, INDUSTRY FUND and the PFCGC on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit. (**Exhibit 2**); (**Exhibit 3**).

14. Pursuant to the properly executed dues-check off cards provided by DIVERSIFIED's pipefitter employees and the Area Agreement, DIVERSIFIED is required to deduct union dues from its employees' paychecks and remit payment of those dues to the UNION. (**Exhibit 2**); (**Exhibit 3**).

15. Pursuant to Article IX, Section 4 of the Area Agreements, employers are required to report every hire and termination to the UNION; employers that fail to report every hire and every termination to the UNION within the required amount of time will be charged a fine in the amount of $1.00 per employee, per day payable in the form of a "Referral Hall Fine" to the PIPE FITTERS' LOCAL 597 TRAINING FUND. (**Exhibit 2**); (**Exhibit 3**).

16. On April 5, 2019, the TRUST FUNDS, the INDUSTRY FUND, the PFCGC and UNION entered into an Installment Agreement with Defendants DIVERSIFIED and ARMSTRONG to resolve DIVERSIFIED's outstanding delinquencies revealed by a payroll compliance audit conducted for the period of March 1, 2015 through February 28, 2018. (A copy of the Installment Agreement is attached as **Exhibit 4**).

17. Pursuant to the Installment Agreement, ARMSTRONG agreed to be personally bound to the terms of the Area Agreements and that he is a joint employer with DIVERSIFIED. (**Exhibit 4**).

18. Pursuant to the Installment Agreement, ARMSTRONG also agreed to be held individually liable for all of the obligations of DIVERSIFIED in the event of a breach of the Installment Agreement. (**Exhibit 4**).

19. Pursuant to the Installment Agreement, Defendants DIVERSIFIED and ARMSTRONG were required to submit twelve (12) installments of $2,704.72, and one final installment of $12,904.03, to pay off the principal balance of $44,246.18. (**Exhibit 4**).

20. The terms of the Installment Agreement provide that any installment payment not received by its due date shall constitute a default of the Installment Agreement.

21. The Installment Agreement further provides that the failure by DIVERSIFIED and ARMSTRONG to remit ongoing contributions in a timely manner to the shall constitute a default. (**Exhibit 4**).

22. The Installment Agreement also provides that in the event that DIVERSIFIED and/or ARMSTRONG default on any of their obligations:

    i. All remaining payments will be accelerated and become immediately due and payable;
    ii. The full amounts revealed to be due and owing by the payroll compliance audit become immediately due and payable by DIVERSIFIED and ARMSTRONG;
    iii. An additional liquidated damages charge of 20% of all unpaid amounts shall become due and payable by DIVERSIFIED and ARMSTRONG;
    v. In the event the TRUST FUNDS are required to engage an attorney to collect any amounts due under the Agreement, DIVERSIFIED and ARMSTRONG shall be liable for all reasonable attorney's fees and costs incurred by the TRUST FUNDS and UNION.

    (**Exhibit 4**).

## COUNT I
## BREACH OF THE AREA AGREEMENT

23. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-22 of this Complaint with the same force and effect as if fully set forth herein.

24. Since entering to the Installment Agreement, DIVERSIFIED failed to report its hires and terminations to the UNION within the required amount of time contained in the Area Agreement for the months of April 2019, May 2019, June 2019, August 2019, September 2019, October 2019, November 2019, December 2019, and January 2020, resulting in Referral Hall Fines in the aggregate amount of $1,711.00.

25. DIVERSIFIED also failed to timely remit payment of contributions for the months of May 2019, August 2019, and October 2020, resulting in liquidated damages in the aggregate amount of $8,202.06.

26. DIVERSIFIED also failed to timely remit payment of contributions, 401(k) elective deferrals, or dues for the month of January 2021, and therefore owes the Plaintiffs additional monies in an unknown amount.

27. Based on the Installment Agreement, Defendant ARMSTRONG agreed to be bound to the terms to the Area Agreement and is personally liable for all amounts owed by DIVERSIFIED.

28. Defendant DIVERSIFIED (and Defendant ARMSTRONG, through the Installment Agreement), has a continuing obligation to contribute to the TRUST FUNDS, the INDUSTRY FUND and the PFCGC and to pay union dues deducted from its employees' wages to the UNION. Therefore, additional amounts may be owed by DIVERSIFIED and ARMSTRONG which the Plaintiffs also seek to include in damages for any judgment.

29. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from DIVERSIFIED and ARMSTRONG.

30. Plaintiffs have complied with all conditions precedent in bringing this suit.

31. Defendant DIVERSIFIED and ARMSTRONG are obligated to pay the reasonable

attorney's fees and court costs incurred by the Plaintiffs pursuant to the Installment Agreement, Area Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE, Plaintiffs respectfully request the following:**

A. That Judgment be entered in favor of Plaintiffs and against Defendants DIVERSIFIED and ARMSTRONG, jointly and severally, in the amount of $1,711.00 for the unpaid Referral Hall Fines;

B. That Judgment be entered in favor of Plaintiffs and against Defendants DIVERSIFIED and ARMSTRONG, jointly and severally, in the amount of $8,202.06 for the liquidated damages owed for the months of May 2019, August 2019 and October 2020;

C. That Judgment be entered in favor of Plaintiffs and against Defendants DIVERSIFIED and ARMSTRONG in an unknown amount for the unpaid contributions, dues, elective deferrals, liquidated damages and interest owed for the month of January 2021;

D. That Judgment be entered in favor of Plaintiffs and against Defendants DIVERSIFIED and ARMSTRONG for all unpaid contributions, wage work assessment, elective deferrals, referral hall fines, liquidated damages and interest that are found to be due and owing in addition to the amounts referenced in paragraphs A through C above;

E. That Defendants DIVERSIFIED and ARMSTRONG be ordered to jointly pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Installment Agreement, Area Agreement, Trust Agreements, and 29 U.S.C. §1132(g)(2)(D); and

F. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendants' costs, pursuant to 29 U.S.C. §1132(g)(2)(E).

## COUNT II
## BREACH OF THE INSTALLMENT AGREEMENT

32. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-31 of this Complaint with the same force and effect as if fully set forth herein.

33. Defendants DIVERSIFIED and ARMSTRONG failed to submit the eighth, ninth, tenth, eleventh, and twelfth installments of $2,704.72, and the final thirteenth installment of $12,904.03, originally due by April 15, 2020, under the terms of the Installment Agreement. (**Exhibit 4**).

34. Defendants DIVERSIFIED and ARMSTRONG's failure to submit the payments due under the terms of the Installment Agreement constitutes a default of the Installment Agreement. (**Exhibit 4**).

35. As discussed in Paragraph 24 and 25 *supra*, Defendants DIVERSIFIED and ARMSTRONG failed to timely remit payment of contributions for the months of May 2019, August 2019, October 2020 and January 2021, which also constitutes a default of the Installment Agreement.

36. The Installment Agreement states that upon default, all remaining payments will be accelerated and become immediately due and payable. (**Exhibit 4**).

37. As a result of the Defendants DIVERSIFEID and ARMSTRONG's default of the Installment Agreement, the eighth, ninth, tenth, eleventh, twelfth, and thirteen installments have been accelerated and are immediately due and payable, the aggregate amount of which equals $26,427.61.

38. As a result of the Defendants default of and pursuant to the Installment Agreement, an additional liquidated damages assessment of twenty percent (20%) has been assessed, totaling $5,285.52.

39. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from DIVERSIFIED and ARMSTRONG.

40. Plaintiffs have complied with all conditions precedent in bringing this suit.

41. Defendant DIVERSIFIED and ARMSTRONG are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Installment Agreement, Area Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE, Plaintiffs respectfully request the following:**

A. That Judgment be entered in favor of Plaintiffs and against Defendants DIVERSIFIED and ARMSTRONG, jointly and severally, in the amount of $26,427.61 for the amounts unpaid on the eighth, ninth, tenth, eleventh, twelfth, and thirteen installments due under the Installment Agreement;

B. That Judgment be entered in favor of Plaintiffs and against Defendants DIVERSIFIED and ARMSTRONG, jointly and severally, in the amount of $5,285.52 for unpaid liquidated damages resulting from Defendants' failure to timely pay the eighth, ninth, tenth, eleventh, twelfth, and thirteen installments due under the Installment Agreement installment;

C. That Defendants DIVERSIFIED and ARMSTRONG be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Area Agreement, Trust Agreements, the Installment Agreement, and 29 U.S.C. §1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendants' costs, pursuant to 29 U.S.C. §1132(g)(2)(E).

        Respectfully Submitted,

        **PIPE FITTERS' RETIREMENT FUND, LOCAL 597,** *et al.*

By:  /s/ Lucas J. Habeeb - 6329755
       One of Plaintiffs' Attorneys

Lucas J. Habeeb
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 372-8587
habeeb@johnsonkrol.com